**Talia Y. Stoessel, OSB No. 115271**
BENNETT, HARTMAN, MORRIS & KAPLAN, LLP
210 S.W. Morrison Street, Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
stoesselt@bennetthartman.com
Of Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JAMES ANDERSON, ROBERT CRANE, DARREN GLEBE, JACK MILLER, DAVID ALEXANDER, JOHN ANDERSON,  JAMES M. WRIGHT, and KYLE IZATT, Trustees for the AGC-INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701 PENSION, HEALTH AND WELFARE, AND TRAINING TRUST FUNDS, | Case No._____ |
| | COMPLAINT |
| Plaintiffs, | Suit to Enforce Collective Bargaining Agreement and Contributions Obligation under 29 U.S.C. §§185, 1132 and 1145 and for Injunctive Relief |
| vs. | |
| ACS CONSTRUCTION, LLC, an Oregon corporation, | |
| Defendant. | |

### **JURISDICTION AND VENUE**

1.

This action arises under Section 502 of the Employee Retirement Income Security Act

and Section 301 of the Taft-Hartley Act. (29 U.S.C §1132 and 185). This Court has exclusive

COMPLAINT                                                                     Page 1 of 7

jurisdiction of this action pursuant to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), for breach of a Collective Bargaining Agreement ("CBA") between an employer engaged in an industry affecting commerce and a labor organization representing employees in an industry affecting commerce.  This Court also has exclusive jurisdiction under the Employee Retirement Income Security Act ("ERISA"), Section 502, 29 U.S.C §1132, and Section 515 (29 U.S.C. §1145) because this action is brought by the trustees of an employee benefit plan to enforce the employer's obligation to agree to an audit according to the applicable Collective Bargaining Agreement.

2.

Venue is proper in this District insofar as Defendant has expressly consented.

## PARTIES

3.

Plaintiffs are Trustees of the AGC-International Union of Operating Engineers Local 701 Health and Welfare, Pension and Training Trust Funds ("Trust Funds").  Said Trust Funds were and are Trusts created pursuant to written collective bargaining agreements which are organized and existing pursuant to section 302 of the LMRA (29 USC §186).  Said Trust Funds are also multi-employer "employee benefit plans" for purposes of 29 U.S.C. §1132(d)(1) and  §1002, in that they are established and maintained for the purpose of providing medical, disability, pension, training and other related needs of employees within the purposes of the Trust Fund.

4.

At all times relevant hereto, Defendant was a corporation organized and existing under and by virtue of the laws of the State of Oregon.

COMPLAINT

5.

Defendant is, and has been, engaged in the construction industry and, as such, has been

engaged in an industry affecting commerce, within the meaning of the LMRA, 29 U.S.C.

§ 152, and within the meaning of ERISA, 29 U.S.C. §1002.

## FACTUAL ALLEGATIONS

6.

On February 10, 2003, Defendant entered into a Master Labor Collective Bargaining

Agreement with the International Union of Operating Engineers, Local 701 ("Local 701").  A

copy of the Agreement is attached as Exhibit A.  Said Agreements or a successor thereto have

remained in full force and effect to the present date.

7.

Under the terms of the Collective Bargaining Agreements, Defendant agreed to make

monetary contributions on behalf of its employees performing work within the jurisdiction of

Local 701 to the Trust Funds.  Defendant further agreed to be bound by the terms and provisions

of the Trust Agreements as amended that governed each of the respective Trust Funds.

8.

By letter dated August 26, 2016, Plaintiffs requested an audit to review Defendant's

fringe benefit compliance for the period of January 1, 2011 through June 30, 2016.

9.

By letter dated September 7, 2016, Defendant stated that it would not partake in an audit

and attempted to terminate the "any agreement ACS Construction LLC may have had with IUOE

701." Since that time, Defendant has refused to file accurate reporting forms, stating "business

inactive" instead of reporting hours of covered work performed, and has failed to make required contributions.

10.

Plaintiffs complied with all conditions precedent to bringing this suit. Plaintiffs retained the undersigned attorneys to collect the monies that may be found due and owing from Defendant.

## FIRST CLAIM FOR RELIEF

11.

The Trust Agreements, as amended, that govern the respective Trust Funds required Defendant to file monthly reports to the Trust Funds on its employees covered by the Collective Bargaining Agreements setting forth the amount of hours worked by Defendant's employees.  In addition, Defendant is required to make monthly payments to the Trust Funds based on the number of hours its employees worked in the preceding month at the rate and manner specified in the Collective Bargaining Agreement. Defendant is also required to permit an authorized representative of the Trust Funds to enter upon the premises at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine Defendant is making full and prompt payment of all sums required and filing all reports required by the Trust Funds.

12.

Defendant breached the provisions of the Collective bargaining Agreement and Trust Agreements by failing to submit timely and complete reports and contributions.

/ / /

COMPLAINT                                                                                    Page 4 of 7

13.

Defendant breached the provisions of the Collective bargaining Agreement and Trust Agreements by failing to submit to the requested audit.

14.

Plaintiffs are entitled to injunctive relief requiring Defendant to comply with the Collective Bargaining Agreement and Trust Agreements, as amended, that govern the respective Trust Funds.  Plaintiffs have no speedy, plain or adequate remedy at law; they have a strong likelihood of success on the merits; they stand to suffer irreparable injury as a result of Defendant's actions; a balance of hardships favor Plaintiffs; and the public interest would be served by issuance of an injunction.

15.

Plaintiffs are entitled to enforcement of the Collective Bargaining Agreement and Trust Agreements, requiring production of books and records and allowance of an audit pursuant to 29 U.S.C. §§ 301 and 1145.  Further, Plaintiffs are entitled to an award of audit and attorneys' fees pursuant to the Trust Agreements, and attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## SECOND CLAIM FOR RELIEF

16.

In the event that an audit of Defendant's books and records reveals that proper employee benefit contribution payments were not made on all compensable hours for all employees working under the written CBA, Plaintiffs are entitled to a Judgment for the amount of the unpaid employee benefit contributions due.

/ / /

COMPLAINT

17.

The Trust Agreement provides that, in the event an employer does not properly pay employee benefit contributions by the due date, interest on the outstanding contributions is due from the date until paid.  In the event that an audit of Defendant's books and records reveals that proper contributions were not made on all compensable hours for all employees working under the written CBA, Plaintiffs are entitled to a Judgment for interest due on the unpaid contributions from the date due through the date of payment at the rate of twelve percent (12%) per annum.

18.

In the event that an audit of Defendant's books and records reveals that proper employee benefit contribution payments were not made by the due date on all compensable hours for all employees working under the written CBA, pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the Trust Policies, Defendant is obligated to pay liquidated damages to Plaintiffs, which are ten percent (10%) of the amount of the contributions due.

19.

The Trust Agreement further provides that, in the event the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for all reasonable costs incurred in the collection process, including attorneys' fees, court costs and audit fees.

20.

Plaintiff is further entitled to its reasonable attorneys' fees and court costs incurred herein pursuant to the provisions of 29 U.S.C. § 1132.

/ / /

COMPLAINT                                                                                   Page 6 of 7

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.      Under its First Claim For Relief, for an Interlocutory Order for Defendant to specifically perform its obligation to make available its books, records, papers or reports related to hours worked by or payroll taxes paid on account of its employees for examination by plaintiffs' auditor, and any other business records of defendant required by plaintiffs' auditor to complete a full and accurate audit to date;

2.      Under its Second Claim for Relief, and in the event that it is determined that Defendant has not properly paid all contributions due for employee benefits, a judgment:

    a.      For the amount of outstanding contribution payments;

    b.      For the amount of liquidated damages calculated as ten percent (10%) of the amount of contribution payments due; and

    c.      For interest due on the outstanding employee benefit contributions calculated at the rate of twelve percent (12%) per annum from the date payments became due until paid; and

3.      Under both Claims for Relief for Plaintiffs' audit costs and reasonable attorneys' fees and costs incurred herein; and

4.      For such further relief as the Court deems equitable.

DATED this 24th day of October, 2016.


    _s/ Talia Y. Stoessel_
    TALIA Y. STOESSEL, OSB No. 115271
    Of Attorneys for Plaintiffs